JAMES HORTON, Respondent, *v.* ELMON HOWE, Appellant.

*Subscription for ·making fair grounds — destruction of· grounds — right of action accruing to subscriber.*

The plaintiff and others signed a paper whereby they promised and agreed to pay to the defendant the sum set opposite their names, such subscription being for the purpose of defraying the expenses of grading, fencing, etc., a fair ground upon land belonging to defendant. The instrument provided that the subscribers should, when the net receipts of the grounds amounted to the sum subscribed by each, receive back in full the amount subscribed. Thereafter, the plaintiff paid fifty dollars to defendant, and received from him a receipt, entitling plaintiff to the privilege of driving upon the ·track at all times, unless the amount so subscribed was repaid.

Defendant subsequently ploughed up and planted trees on the track, and constructed another one at a different place on his farm. In an action by the plaintiff to recover the amount paid by him, *held,* that it was not necessary for· all the subscribers to join in the action, but that each might maintain a separate action.

That it was not necessary for the plaintiff to prove any special damage sustained by the breaking up of the track, but that he was entitled, in view of the fact that that sum was to be paid to him out of the net receipts of the grounds,· to recover the full amount of his subscription.

APPEAL from a judgment of the County Court of Otsego county in favor of the plaintiff, entered upon a verdict directed by the court. This action was brought by the plaintiff to recover the sum of fifty dollars, subscribed by him in pursuance of the following agreement:

" For value received, and in consideration of the covenants hereinafter mentioned, we, the subscribers, hereby promise and agree to pay unto Elmon. Howe the sums set opposite our respective names by the 1st day of July, A. D. 1867. Said subscription is for the purpose of raising funds to defray the expense of grading, fencing and of fixing all other necessary appurtenances for a fair ground to be located upon the farm of· Elmon Howe, in the town of Worcester, county of Otsego and State of New York, upon the farm now occupied and owned by said Elmon Howe.

".The express condition of this subscription is, that the persons hereby signing this subscription, and hereby donating to the said

enterprise, shall, when the net receipts of the grounds amount to the sum subscribed by each, receive back in full the amount hereby given and subscribed by them, if requested; and further agree that said persons hereby signing this instrument are to receive back from said Elmon Howe at any time he, the said Elmon Howe, may wish to refund to each the sum so subscribed; and said track not to be used on Sunday and in damp and muddy weather, and at all other times when the subscribers wish.

"Dated WORCESTER, *May* 4, 1867."

On August second he paid the fifty dollars and received the following receipt:

"WORCESTER, *August* 2, 1867.

"This is to certify that James Horton has this day paid to Elmon Howe fifty dollars, which is the amount of his subscription to the pleasure grounds, to be situated upon the farm of Elmon Howe; which amount entitles him to the privilege of driving upon the track at all times, except Sundays and wet and muddy weather, unless the amount so subscribed is received back.

"ELMON HOWE."

The track was located and used by the public in the summer of 1867 and down to 1872 and 1873, when the defendant planted trees across the track and ploughed up a portion of it, at the same time constructing a track upon another portion of his farm.

In 1874 plaintiff demanded the return of his money, and upon defendant's refusal to pay brought this action to recover the same.

*Samuel H. Grant* and *James A. Lynes*, for the appellant.

*Lamont & Baker*, for the respondent.

LEARNED, P. J.:

It is insisted by the defendant that all the subscribers should have joined and should have brought an action in equity. But we see no reason for this. The claim of each was distinct against the defendant and there were no joint rights. By the receipt which the defendant gave, he agreed that the plaintiff should have a

right to use the track. This language referred to the track then about to be constructed. When its situation was once fixed and it had been constructed, the defendant could not destroy it and prevent its use, even though he constructed another track somewhere else, without incurring a liability to the plaintiff.

It may be said that his liability was to be measured, not by the money paid by the plaintiff, but by the actual damages sustained by him through the disuse of the track. But we must notice that, in the subscription paper, there is an agreement that the money paid by the plaintiff shall be refunded to him, whenever the net receipts of the track are sufficient for that purpose. The defendant, by destroying the track, has prevented himself from receiving any thing for its use. He has therefore, by his own act, taken away the possibility for which the plaintiff contracted ; that of obtaining a return of his money from the net receipts. It cannot now be ascertained whether those receipts might not hereafter be sufficient to repay the plaintiff. It does not then rest with the defendant to say that his acts have not injured the plaintiff to the extent of the money paid. And we may notice also that the defendant reserved a privilege of repaying this money and therefore cutting off the plaintiff's rights to the track.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and OSBORN, JJ.

Judgment affirmed, with costs.